UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CORPORATE DEVELOPMENT
ASSOCIATES, INC.

                Plaintiffs,

      - against -

BRADLEY MARKETING GROUP, INC.

                Defendant.
-------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff CORPORATE DEVELOPMENT ASSOCIATES, INC. ("CDA" or the "Consultant"), by and through its undersigned attorneys, TAROFF & TAITZ, LLP, alleges upon knowledge as to itself and its own actions and upon information and belief as to all other matters, as follows:

## JURISDICTION

1. This action arises under 28 U.S.C. §1332, the parties meeting the requirements of diversity of citizenship, and the matter in controversy exceeding $75,000.00 exclusive of interest and costs.

## PARTIES

2. At all times hereinafter mentioned and material, the Plaintiff Corporate Development Associates Inc., was and is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale Arizona.

3. At all times hereinafter mentioned and material, the Defendant, Bradley Marketing Group, Inc. ("Bradley"), was and is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Bohemia, New York which is within the jurisdiction of this Court.

## VENUE

4. This Court has personal jurisdiction over all of the Defendants under principles of specific and general jurisdiction as each has sufficient contacts with New York.

5. Venue in the Eastern District of New York is appropriate under 28 U.S.C. 1391 as a substantial part of the actions giving rise to the claims herein occurred in this District. In addition, the Defendant is headquartered or resides in the Eastern District of New York.

## THE PARTIES

6. CDA is a private intermediary firm serving the North American and United Kingdom graphic arts industry.

7. The primary focus CDA is to provide personalized merger and acquisition advisory services by seasoned merger and acquisition professionals with deep backgrounds in the printing industry.

8. CDA's services to their clients included but were not limited to business valuations assisting clients in effectively selling or buying businesses, assisting clients in developing an acquisition strategy, targeting and identifying potential strategic acquisitions for clients, and securing capital.

9. Bradley is a marketing company with a large emphasis in the printing sector. Bradley creates consultative client experiences through creative design, promotional marketing, apparel, print, mailing services, teller training, warehousing, fulfillment and digital media solutions.

## FACTUAL BACKGROUND

10. On or about August 16, 2019 Bradley and CDA entered into an agreement entitled SELLER'S AUTHORIZATION and EXCLUSIVE FEE AGREEMENT (the "Agreement").

11. That specifically Bradley engaged CDA to assist CDA and/or its shareholders, principals, subsidiaries, partnerships and other related parties to accomplish a sale, merger, exchange, capital investment, loan, joint venture or other such transaction involving all or part of the business interest of Bradley, including but not limited to stock and assets owned directly or indirectly by Bradley.

12. That in exchange for CDA's services, Bradley agreed to pay CDA a fee based on the value of the total consideration received or retained by Bradley or its affiliates, directly or indirectly in connection with any transaction.

13. Pursuant to the terms of the Agreement, consideration included but was not limited to payments in cash, stock, real and personal property, warrants and option, fees, notes, debentures or other debt, assumption or relief of any debt including guaranties, the total amount of a non-compete agreement, employment, consulting, earn-outs, and all other elements of value exchanged or to be exchanged in connection with any transaction.

14. CDA's fees were set forth in the Agreement on a sliding scale dependent upon the transaction value as described in the Agreement, except that if a transaction with Bradley occurred as defined in the Agreement to Safeguard Business Systems or Deluxe Corporation Bradley would pay CDA a flat fee of $100,000.00.

15. In the event that Bradley was sold to SmartSource, LLC, no fee would be due to CDA.

16. The Agreement further provided that Bradley was to include language in any transaction document describing Bradley's fee responsibility to CDA.

17. That the Agreement also provided that Bradley was to provide CDA with copies of all transaction documents and notify CDA of any closing of the transaction as defined in the

Agreement.

18. That the Agreement also provided that in the event that CDA prevailed in any action to enforce collection of amounts due and owing by Bradley to CDA that Bradley would pay CDA's legal fees, collection costs, and 1-1/2% interest per month on any unpaid balance from the original due date until the date paid.

## COUNT ONE

19. CDA realleges and incorporates all previous allegations set forth in Paragraphs 1-18 above as if fully set forth herein.

20. Defendant Bradley voluntarily entered into, signed and executed the binding and enforceable Agreement on or about August 16, 2019.

21. CDA has fully performed its obligations under the terms of the Agreement.

22. Upon information and belief Bradley consummated a transaction as defined in the Agreement.

23. Upon information and belief the transaction that Bradley consummated as defined in the Agreement was with Safeguard Business Systems and/or Deluxe Corporation.

23. That pursuant to the terms of the Agreement, CDA has made demand upon Bradley for copies of all transaction documents.

24. That Bradley had failed and refused to produce copies of any transaction documents per the terms of the Agreement.

25. That as a result of the foregoing Bradley has materially breached and is continuing to materially breach various provisions Agreement with CDA.

26. As a direct and proximate result of Bradley's material breaches of the Agreement,

upon information and belief Bradley is indebted to CDA in the amount of $100,000.00 from a date currently unknown to CDA.

## COUNT TWO

27. CDA realleges and incorporates all previous allegations set forth in Paragraphs 1-26 above as if fully set forth herein.

28. That as a result of Bradley's breach of the Agreement, CDA has retained counsel to enforce the terms of the Agreement.

29. That in the event that CDA prevails in the instant action, CDA should be awarded legal fees, collection costs, and 1-1/2% interest per month on any unpaid balance from the original due date until the date paid.

## REQUEST FOR RELIEF

30. CDA respectfully requests that this Court enter judgment in CDA's favor, granting the following relief against the Bradley:

(a) entering judgment in CDA's favor and awarding full compensatory and damages to CDA and against Bradley for breach of contract, in an amount believed to be $100,00.00 or such other amount determined by this Court, factoring in all interest, costs and expenses;

(b) awarding CDA legal fees, collection costs, and 1-1/2% interest per month on any unpaid balance from the original due date until the date of judgment;

    (c) providing CDA with such other and further relief as the Court may deem just and proper.

Dated: Bohemia, New York
   July 18, 1011

          Respectfully submitted,

          STEVEN TAITZ, ESQ.
          LINDA D. CALDER, ESQ.
          JOHN RICCIARDI, ESQ.
          TAROFF & TAITZ, LLP
          Attorneys for Plaintiff
          630 Johnson Avenue, Suite 105
          Bohemia, NY 11716
          (631) 475-4400


          By:___/s/Steven Taitz_____
            STEVEN TAITZ
            s.taitz@tarofftaitz.com